UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16cv45-FDW

| | |
|---|---|
| CHARLES ANTHONY BALL, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>MIKE SLAGLE, )<br>)<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Petitioner Charles Anthony Ball's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1). Petitioner also seeks reconsideration of the Court's order denying him in forma pauperis status. (Doc. No. 11.)

I.  **BACKGROUND**

Petitioner is a prisoner of the State of North Carolina who was convicted by a Henderson County Superior Court jury on November 4, 2011 of first-degree murder and assault with a deadly weapon with intent to kill inflicting serious injury. (Pet. 1-2, Doc. No. 1.) He was sentenced to life imprisonment. (Pet., supra, at 1.)

On January 15, 2013, the North Carolina Court of Appeals denied Petitioner's direct appeal, finding no error with respect to his trial or sentencing. State v. Ball, 736 S.E.2d 648, 2013 WL 151011 (N.C. Ct. App. 2013) (Table). Petitioner filed a petition for discretionary review in the North Carolina Supreme Court, which was denied on April 15, 2013. State v. Ball, 739 S.E.2d 856, (N.C. 2013) (Mem).

On February 21, 2014, Petitioner filed a Motion for Appropriate Relief ("MAR") in the Henderson County Superior Court, which was denied on February 25, 2015. (Pet., supra, 3.) He filed a petition for writ of certiorari in the North Carolina Court of Appeals seeking review of the denial of his MAR. His certiorari petition was denied on April 23, 2015. (Pet., supra, at 4.) Petitioner subsequently filed a petition for writ of certiorari in the North Carolina Supreme Court on May 29, 2015; it was denied on August 20, 2015. State v. Ball, 776 S.E.2d 314 (N.C. 2015) (Mem).

Petitioner filed the instant federal habeas Petition on February 22, 2016 when he signed and placed it in the prison mail system. (Pet., supra, at 14.) At the same time, he filed a motion to proceed without prepayment of fees and costs (Doc. No. 2), which this Court denied (Doc. No. 3). Petitioner filed a motion for reconsideration on March 21, 2016. (Doc. No. 11.) Three days later, he paid the $5.00 filing fee. Consequently, Petitioner's motion for reconsideration shall be denied as moot.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitations period is tolled during the pendency of a *properly filed* state post-conviction action. 28 U.S.C. § 2244(d)(2).

Petitioner's judgment became final on or about July 15, 2013, ninety (90) days after the North Carolina Supreme Court denied his petition for discretionary review, and Petitioner's time for filing a petition for writ of certiorari in the United State Supreme Court expired. See Clay v. United States, 537 U.S. 522, 525 (2003). The federal statute of limitations then ran for 221 days until February 21, 2014, when Petitioner filed his MAR in the Henderson County Superior Court. The statute of limitations was tolled until April 23, 2015 when the North Carolina Court of Appeals denied his petition for writ of certiorari.[1] See § 2244(d)(2). The federal limitations period resumed, and ran for another 144 days until it expired on or about September 14, 2015, about five months before Petitioner filed the instant habeas Petition.

Thus, absent equitable tolling or applicability of one of the other provisions of § 2244(d)(1), Petitioner's habeas petition appears to be time-barred. Petitioner has not addressed the timeliness issue in his habeas petition. Therefore, the Court will provide him 20 days to explain why the instant § 2254 habeas petition should not be dismissed as untimely, including any reasons why equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

---

[1] Petitioner did not have a right to petition the North Carolina Supreme Court to review the decision of the Court of Appeals. See N.C. Gen. Stat. § 7a-28(a) ("Decisions of the Court of Appeals upon review of [MARs] listed in G.S. 15A-1415(b) are final and not subject to further review in the Supreme Court by appeal, motion, certification, writ, or otherwise."); N.C. R. App. P. 21(e) (providing that certiorari petitions seeking review of MARs in non-capital cases "shall be filed with the Court of Appeals and the Supreme Court will not entertain petitions for certiorari or petitions for further discretionary review in these cases"). Therefore, Petitioner's certiorari petition in the state Supreme Court did not toll the federal statute of limitations. See § 2244(d)(2) (requiring that applications for state post-conviction review be "properly filed").

**IT IS, THEREFORE, ORDERED** that:

1) Petitioner's Motion for Reconsideration (Doc. No. 11) is **DENIED as moot**;

2) The Clerk of Court shall mail a copy of this Order to Petitioner at Mountain View Correctional Institution, where North Carolina Department of Public Safety records show he is currently housed; and

3) Petitioner shall, within 20 days from service of this Order, file a document explaining why his § 2254 Petition for Writ of Habeas Corpus should not be dismissed as untimely. If Petitioner does not file such explanation within 20 days from service of this Order, the petition may be dismissed without further notice.

Signed: August 26, 2016

Frank D. Whitney
Chief United States District Judge