UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16cv45-FDW

| | |
|---|---|
| CHARLES ANTHONY BALL, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>MIKE SLAGLE, )<br>)<br>Respondent. )<br>_____) | ORDER |

**THIS MATTER** is before the Court on Petitioner Charles Anthony Ball's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1). Also before the Court are Petitioner's Request/Motion for a Writ of Mandamus (Doc. No. 4), Motion to Appoint Counsel (Doc. No. 5), Motion for Expert Witness/Investigator (Doc. No. 6), Motion for Leave to Conduct Discovery (Doc. No. 7), Motion to Suppress (Doc. No. 8), and Motion to Change Venue (Doc. No. 9).

I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina who was convicted by a Henderson County Superior Court jury on November 4, 2011 of first-degree murder and assault with a deadly weapon with intent to kill inflicting serious injury. (Pet. 1-2, Doc. No. 1.) He was sentenced to life in prison. (Pet., supra, at 1.)

On January 15, 2013, the North Carolina Court of Appeals denied Petitioner's direct appeal, finding no error with respect to his trial or sentencing. State v. Ball, 736 S.E.2d 648, 2013 WL 151011 (N.C. Ct. App. 2013) (Table). Petitioner filed a petition for discretionary review in the North Carolina Supreme Court, which was denied on April 15, 2013. State v. Ball,

1

739 S.E.2d 856, (N.C. 2013) (Mem).

On February 21, 2014, Petitioner filed a Motion for Appropriate Relief ("MAR") in the Henderson County Superior Court, which was denied on February 25, 2015. (Pet., supra, 3.) He filed a petition for writ of certiorari in the North Carolina Court of Appeals seeking review of the denial of his MAR. His certiorari petition was denied on April 23, 2015. (Pet., supra, at 4.) Petitioner subsequently filed a petition for writ of certiorari in the North Carolina Supreme Court on May 29, 2015; it was denied on August 20, 2015. State v. Ball, 776 S.E.2d 314 (N.C. 2015) (Mem).

Petitioner filed the instant federal habeas Petition on February 22, 2016 when he signed and placed it in the prison mail system. (Pet., supra, at 14.) After conducting an initial review of the Petition, the Court entered an Order notifying Petitioner that his habeas Petition appeared to be untimely under 28 U.S.C. § 2244(d)(1)(A) and providing him 20 days to file a document explaining why his Petition should not be dismissed as untimely. (Doc. No. 13.) On September 8, 2016, Petitioner responded, disputing the manner in which the Court calculated the running of the statute of limitations under §§ 2244(d)(1)(A) & (d)(2). (Doc. No. 14.)

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).[1]

---

[1] There are three alternative starting dates for the federal statute of limitations, see § 2244(d)(1)(B)-(D), but

2

Petitioner's contends that the Court miscalculated the date on which his judgment became final. (Resp. 4-5, Doc. No. 14.) According to Petitioner, his judgment became final on September 4, 2015, when he received the order from the North Carolina Supreme Court dismissing his petition for writ of certiorari. Petitioner is incorrect.

The plain language of the federal statute states that a § 2254 habeas petition must be filed within one year of "the date on which the judgment became final by the conclusion of *direct review or the expiration of the time for seeking such review*." § 2244(d)(1)(A) (emphasis added). Petitioner's petition for writ of certiorari in the North Carolina Supreme Court sought review of his *post-conviction* MAR. (Pet. for Writ of Cert., Doc. No. 10-1 at 1.) Neither the MAR nor the petition for writ of certiorari was part of the direct review process. For Petitioner, direct review consisted of his direct appeal to the North Carolina Court of Appeals, followed by his petition for discretionary review in the North Carolina Supreme Court. Petitioner could have filed a petition for writ of certiorari in the United State Supreme Court as part of direct review, but he did not. Thus, for federal habeas purposes, Petitioner's judgment became final on or about July 15, 2013, ninety (90) days after the North Carolina Supreme Court denied the petition for discretionary review, and Petitioner's time for filing a petition for writ of certiorari in the United State Supreme Court expired. See Clay v. United States, 537 U.S. 522, 525 (2003).

According to the records before this Court, the federal statute of limitations then ran for 221 days until February 21, 2014, when Petitioner filed his MAR in the Henderson County Superior Court. Petitioner counters that the statute of limitations should have stopped running on February 7, 2014, when he placed his MAR in the prison mail system, and should have

---

Petitioner does not contend any apply here.

3

continued to toll until September 4, 2015, when he received the North Carolina Supreme Court's order dismissing his petition for writ of certiorari. (Resp., supra, at 2-3.) Petitioner is wrong on both counts.

The federal statute of limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2). Under Houston v. Lack, 487 U.S. 266, 268 (1988), a federal habeas corpus petition is deemed filed on the date it is delivered to prison officials for mailing to the federal court. See Richards v. Thaler, 710 F.3d 573, 576 (5th Cir. 2013) (citing Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998) (holding § 2254 applications deemed filed on date inmate tenders petition to prison officials for mailing)). The United States Supreme Court has never extended the holding in Lack to prisoner filings in the state courts, however, and there does not appear to be a corresponding "prison mail box rule" for filing post-conviction motions in North Carolina state court. See Williams v. Matthews, 5:14-HC-2215-FL, 2016 WL 915097, at *3–4 n.3 (E.D.N.C. Mar. 4, 2016) (construing the petitioner's MAR as having been filed on the date it was filed in the superior court, not the date it was signed); Bryson v. Harkleroad, No. 1:10CV36-3-MU, 2010 WL 1328313, at *3 (W.D.N.C. April 1, 2010) ("There appears to be no corresponding 'prison mail box rule' for filing MARs in state court, as there is for filing appeals in federal court.") (citing State v. Kittrell, 677 S.E.2d 14, 2009 WL 1522698, at *3–4 (N.C. Ct. App. 2009) (unpublished)).

Under state law an MAR is considered filed when it is filed in the superior court and served on the opposing party. See N.C. Gen. Stat. § 15A-1420(a)(3)(2015) (North Carolina law requires that MARs "be filed in the manner provided in G.S. § 15A–951(c))." Under § 15A–951(c), "[a]ll written motions must be filed with the court" accompanied by an appropriate certificate of service. § 15A–951(c). Nothing in § 15A–951(c) supports the argument that an

4

MAR is deemed filed at the time of signing or mailing. Id. Indeed, Petitioner's motion to amend his MAR, which was filed by counsel, stated that the original MAR was "filed" on February 21, 2014 (Docket No. 10-1 at 45), the date it was filed in Henderson County Superior Court, not February 7, 2014, the date Petitioner claims to have mailed it to the Superior Court (Doc. No. 10-1 at 43).

Petitioner's argument that the statute of limitations was tolled during the pendency of his petition for writ of certiorari in the North Carolina Supreme Court also must be rejected. As noted, the federal statute of limitations period is tolled during the pendency of a *properly filed* state post-conviction action. See § 2244(d)(2). Under North Carolina law, "[d]ecisions of the Court of Appeals upon review of [MARs] listed in G.S. 15A-1415(b) are final and not subject to further review in the Supreme Court by appeal, motion, certification, writ, or otherwise." N.C. Gen. Stat. § 7A-28(a). Furthermore, North Carolina Rule of Appellate Procedure Rule 21(e) states:

> Petitions for writ of certiorari to review orders of the trial court denying motions for appropriate relief upon grounds listed in N.C.G.S. § 15A-1415(b) by persons who have been convicted of murder in the first degree and sentenced to death shall be filed in the Supreme Court. In all other cases such petitions shall be filed in and determined by the Court of Appeals, and the Supreme Court will not entertain petitions for certiorari or petitions for further discretionary review in these cases. In the event the petitioner unreasonably delays in filing the petition or otherwise fails to comply with a rule of procedure, the petition shall be dismissed by the court. If the petition is without merit, it shall be denied by the court.

N.C. R. App. P. Rule 21(e)(2015). Thus, under North Carolina statutory law and procedural rules, Petitioner's certiorari petition in the North Carolina Supreme Court was not properly filed, and the statute of limitations was not tolled.

Petitioner asserts that he wrote to the North Carolina Supreme Court prior to filing his

5

certiorari petition and was sent a document explaining his rights to seek relief in the appellate courts. (Resp., supra, at 3-4.) The document, which Petitioner attached as an exhibit to his Response, states that:

> Petitions for writ of certiorari to review orders of the trial court denying motions for appropriate relief upon grounds listed in G.S. 15A-1415(b) by persons who have been convicted of murder in the first degree and sentenced to life imprisonment or death shall be filed in the Supreme Court. In all other cases such petitions shall be filed in and determined by the Court of Appeals and the Supreme Court will not entertain petitions for certiorari or petitions for further discretionary review in these cases. (Appellate Rule 21(e))

(Doc. No. 14-2.) There is nothing in the document to indicate when it was produced, but it is exceedingly out-of-date. The clause "sentenced to life imprisonment" was removed from Rule 21(e) by amendment on August 15, 2002. N.C. R. App. P. Rule 21(e) (2005). Thus, at the time Petitioner filed his certiorari petition, the current version of Rule 21(e) was in place, and his certiorari petition was not properly filed.

Even if the Court was to equitably toll the statute of limitations until August 20, 2015, the date on which the North Carolina Supreme Court dismissed Petitioner's certiorari petition, the federal habeas Petition still is untimely.[2] Under this timetable, Petitioner's statute of limitations ran for another 144 days until it expired on or about January 11, 2016, more than a month before Petitioner filed the instant habeas Petition. Thus, the instant Petition is time-barred under § 2244(d)(1)(A) and must be dismissed. Petitioner's other motions, likewise, will be dismissed.

**IT IS, THEREFORE, ORDERED** that:

---

[2] Petitioner has not argued that equitable tolling should apply in this case. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (Equitable tolling requires a showing "(1) that [the petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of filing a timely habeas petition.). While it appears that he has pursued his rights in the state courts diligently, he has not identified an extraordinary circumstance that stood in his way of filing a timely habeas petition.

6

1) The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED** as untimely;

2) Petitioner's Request for a Writ of Mandamus (Doc. No. 4), Motion to Appoint Counsel (Doc. No. 5), Motion for Expert Witness/Investigator (Doc. No. 6), Motion for Leave to Conduct Discovery (Doc. No. 7), Motion to Suppress (Doc. No. 8), and Motion to Change Venue (Doc. No. 9) are **DENIED**; and

3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: October 3, 2016

Frank D. Whitney
Chief United States District Judge