UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16cv45-FDW

| | |
|---|---|
| CHARLES ANTHONY BALL,  )<br>)<br>Petitioner,  )<br>)<br>vs.  )<br>)<br>MIKE SLAGLE,  )<br>)<br>Respondent.  )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner Charles Anthony Ball's motion to reconsider (Doc. No. 20) and proposed amendment (Doc. No. 20-1), filed on October 24, 2016.

I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina who was convicted by a Henderson County Superior Court jury on November 4, 2011 of first-degree murder and assault with a deadly weapon with intent to kill inflicting serious injury. (Pet. 1-2, Doc. No. 1.) He was sentenced to life in prison. (Pet., supra, at 1.)

On January 15, 2013, the North Carolina Court of Appeals denied Petitioner's direct appeal, finding no error with respect to his trial or sentencing. State v. Ball, 736 S.E.2d 648, 2013 WL 151011 (N.C. Ct. App. 2013) (Table). Petitioner filed a petition for discretionary review in the North Carolina Supreme Court, which was denied on April 15, 2013. State v. Ball, 739 S.E.2d 856, (N.C. 2013) (Mem).

On February 21, 2014, Petitioner filed a Motion for Appropriate Relief ("MAR") in the Henderson County Superior Court, which was denied on February 25, 2015. (Pet., supra, 3.) He

1

filed a petition for writ of certiorari in the North Carolina Court of Appeals seeking review of the denial of his MAR. His certiorari petition was denied on April 23, 2015. (Pet., supra, at 4.) Petitioner subsequently filed a petition for writ of certiorari in the North Carolina Supreme Court on May 29, 2015; it was denied on August 20, 2015. State v. Ball, 776 S.E.2d 314 (N.C. 2015) (Mem).

Petitioner filed the instant federal habeas Petition on February 22, 2016 when he signed and placed it in the prison mail system. (Pet., supra, at 14.) After conducting an initial review of the Petition, the Court entered an Order notifying Petitioner that his habeas Petition appeared to be untimely under 28 U.S.C. § 2244(d)(1)(A) and providing him 20 days to file a document explaining why his Petition should not be dismissed as untimely. (Doc. No. 13.)

On September 8, 2016, Petitioner responded, disputing the manner in which the Court calculated the running of the statute of limitations under §§ 2244(d)(1)(A) & (d)(2), and contending that the Petition was timely. (Doc. No. 14.) He did not assert that he was entitled to equitable tolling of the statute of limitations. After considering Petitioner's response, the Court entered an Order on October 4, 2016, dismissing the habeas Petition as untimely pursuant to 28 U.S.C. 28 U.S.C. § 2244(d)(1)(A). (Doc. No. 15.)

## II. STANDARD OF REVIEW

Because Petitioner filed his motion for reconsideration within 28 days of entry of judgment in this case, the Court will consider the motion pursuant to Federal Rule of Civil Procedure 59(e). Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). A district court "has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct

a clear error of law or to prevent manifest injustice.'" Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Hill, 277 F.3d at 708.

## III. DISCUSSION

In his Rule 59(e) motion, Petitioner argues for the first time that he is entitled to equitable tolling of the statute of limitations. (Doc. No. 20.) Equitable tolling requires a showing "(1) that [the petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of filing a timely habeas petition. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Petitioner does not contend that there has been an intervening change in the law requiring an alteration or modification of the Court's judgment; nor does he identify a clear error of law in the Court's Order dismissing his Petition. See Hill, 277 F.3d at 708. Although he alleges new facts that he contends demonstrate he was prevented from filing a timely habeas petition, those facts were known to him at the time he filed his habeas petition and response to the Court's notice regarding timeliness. Moreover, Petitioner has not presented a compelling argument that the Court should amend or alter its judgment that the Petition is untimely in order to prevent a manifest injustice. See id. Consequently, Petitioner's Rule 59(e) motion shall be denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Reconsider (Doc. No. 20) is **DENIED**; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell,

537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: November 9, 2016

Frank D. Whitney
Chief United States District Judge